1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10
11
12

CAROLYN ALLEN,

       Plaintiff,

13

       v.

14
15

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

16
17

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-7239 JCG

**MEMORANDUM OPINION AND
ORDER**

18
19

## I.

20

## INTRODUCTION AND SUMMARY

21

       On October 13, 2009, plaintiff Carolyn Allen ("Plaintiff") filed a complaint

22

against defendant Michael J. Astrue ("Defendant" or "Commissioner"), seeking

23

review of a denial of supplemental security income benefits ("SSI"). [Docket No.

24

3.]

25

       On March 2, 2010, Defendant filed his answer, along with a certified copy of

26

the administrative record. [Docket Nos. 16, 17, 18.]

27

       On April 14, 2010, this matter was transferred to the calendar of the

28

undersigned Magistrate Judge. [Docket No. 19.] Both Plaintiff and Defendant

1  subsequently consented to proceed for all purposes before the Magistrate Judge
2  pursuant to 28 U.S.C. § 636(c).  [Docket Nos. 22, 25.]
3      Pursuant to an October 14, 2009 case management order, the parties submitted
4  a detailed, 26-page joint stipulation for decision on May 5, 2010.  [Docket No. 24.]
5  The Court deems the matter suitable for adjudication without oral argument.
6      In sum, having carefully studied, *inter alia*, the parties' joint stipulation and
7  the administrative record, the Court concludes that the ALJ violated the law of the
8  case doctrine and the rule of mandate doctrine by reassessing Plaintiff's residual
9  functional capacity as it relates to her *physical* limitations; Plaintiff's physical
10 limitations were established by prior decisions and not subject to revisitation.  The
11 Court thus remands this matter to the Commissioner in accordance with the
12 principles and instructions enunciated in this Memorandum Opinion and Order.

13                                    **II.**
14              **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**
15     Plaintiff, who was 51 years of age on the date of her first administrative
16 hearing, has a high school education.  (Administrative Record ("AR") at 80, 508,
17 685.)  Her past relevant work includes employment as an assignment clerk.  (*Id.* at
18 103, 623.)
19     Plaintiff filed for SSI on November 29, 2002, alleging that she has been
20 disabled since August 13, 1997 due to arthritis, high blood pressure, pancreatitis,
21 back and leg impairments, insomnia, depression, stress, and pain.  (AR at 62, 80-83.)
22 Plaintiff's application, which was designated as a "prototype" case,[1] was denied on
23 March 14, 2003, after which she filed a timely request for a hearing.  (*Id.* at 61, 62-
24 65, 66.)
25
26 _____
27 [1]   A "prototype case" designates a single decision maker to make the initial
   determination and eliminates the reconsideration step in the administrative review
28 process.  20 C.F.R. §§ 404.906(a) & 416.1406(a).

                                      2

On September 25, 2003, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ").  (AR at 508, 510-19, 521-22.)  A vocational expert ("VE") also testified.  (*Id.* at 519-21.)  On December 3, 2003, the ALJ issued an unfavorable decision denying Plaintiff's request for benefits ("December 2003 Decision").  (*Id.* at 37-42.)

Plaintiff appealed the December 2003 Decision, which appeal was denied. (AR at 5-8, 32.)  Plaintiff then sought review in this Court, Case No. CV 04-8377 MLG, seeking review of the Commissioner's decision denying her claim.  (*Id.* at 557.)  On July 6, 2005, the Court remanded the case for further proceedings and directed the ALJ to properly consider the opinions of Plaintiff's examining psychiatrist Barry Edelman, M.D. ("Dr. Edelman") and non-examining physician C.H. Dudley, M.D. ("Dr. Dudley").  (*Id.* at 557-65 ("Court's July 6, 2005 Order").) On August 19, 2005, the Appeals Council issued an order remanding the action to the ALJ.  (*Id.* at 569.)

On April 4, 2006, a second administrative hearing was held.  (AR at 598.)  No testimony was taken at the hearing.  (*See id.* at 600-02.)

On September 8, 2006, the ALJ denied Plaintiff's request for benefits ("September 2006 Decision").  (AR at 530-36.)  Plaintiff again sought review in this Court.  (Joint Stip. at 3.)  On September 18, 2007, the parties entered into a stipulation for remand of the action to the Commissioner for further administrative proceedings, which was ordered by the Court.  (AR at 642-44, 648-49, 650-51.)  The parties stipulated to a finding that Plaintiff was disabled as of January 1, 2006, and directed the ALJ to comply with the Court's July 6, 2005 Order with respect to the period prior to January 1, 2006.  (*Id.* at 643.)  On October 26, 2007, the Appeals Council issued an order remanding the action to a new ALJ.  (*Id.* at 647.)

On April 8, 2009, Plaintiff, represented by counsel, appeared and testified at a third hearing before an ALJ.  (AR at 678, 685-91.)  Nick Korso, a VE, also testified. (*Id.* at 691-93.)

3

1   On May 27, 2009, more than six years after her initial application, the ALJ

2   issued a partially favorable decision, in which she found Plaintiff disabled as of

3   January 1, 2006.  (AR at 612-26.)  The ALJ denied Plaintiff's application for the

4   period prior to January 1, 2006.  (*Id.* at 613, 625.)

5   Applying the five-step sequential evaluation process, which is discussed in

6   detail below, the ALJ found, at step one, that Plaintiff has not engaged in substantial

7   gainful activity since her SSI application date.  (AR at 615.)

8   At step two, the ALJ found that Plaintiff suffers from "hypertension, low back

9   pain, degenerative disc disease, status post right foot surgery and chronic

10   pancreatitis," (AR at 615 (emphasis omitted)), but concluded that Plaintiff's

11   "medically determinable mental impairment of depression does not cause more than

12   minimal limitation in [Plaintiff's] ability to perform basic mental work activities and

13   is therefore non-severe."  (*Id.* at 616.)

14   At step three, the ALJ determined that, prior to January 1, 2006, the evidence

15   does not demonstrate that Plaintiff's impairments, either individually or in

16   combination, meet or medically equal the severity of any listing set forth in the

17   Social Security regulations.[2]  (AR at 619, 625.)  The ALJ then assessed Plaintiff's

18   residual functional capacity[3] ("RFC") and determined that Plaintiff has the "capacity

19   to perform medium work . . . with occasional stooping, crouching and kneeling."

20   (*Id.* at 619 (emphasis omitted).)

21   The ALJ found, at step four, that Plaintiff lacks the ability to perform her past

22

23   [2]   *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

24

25   [3]   Residual functional capacity is what a claimant can still do despite existing
    exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155

26   n. 5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the
    ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's

27   residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th

28   Cir. 2007).

relevant work.  (AR at 623.)

At step five, based on Plaintiff's RFC and the VE's testimony, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including hand packager and assembler.  (AR at 624-25.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act prior to January 1, 2006.  (*Id.* at 625.)

Plaintiff did not file a request for review by the Appeals Council of the ALJ's decision.  (Joint Stip. at 4.)  The ALJ's decision stands as the final decision of the Commissioner.

## III.

## APPLICABLE LEGAL STANDARDS

A.    Five-Step Inquiry to Ascertain a Cognizable Disability

A claimant must satisfy three fundamental elements to be eligible for disability benefits:  (1) a medically-determinable impairment; (2) the impairment prevents the claimant from engaging in substantial gainful activity; and (3) the impairment is expected to result in death or to last for a continuous period of at least 12 months.  42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  A well-established five-step sequential inquiry is utilized to assess whether a particular claimant satisfies these three elements.  The inquiry proceeds as follows:

First, is the claimant engaging in substantial gainful activity?  If so, the claimant cannot be considered disabled.

Second, does the claimant suffer from a "severe" impairment, *to wit*, one continuously lasting at least 12 months?  If not, the claimant is not disabled.

Third, does the claimant's impairment or combination of impairments meet or equal an impairment specifically identified as a disability by the Commissioner under 20 C.F.R. part 404, subpart P, appendix 1?  If so, the claimant is automatically determined to be disabled.

1    Fourth, is the claimant capable of performing his past work?  If so, the

2    claimant is not disabled.

3    Fifth, does the claimant have the so-called "residual functional capacity" to

4    perform some other type of work?   The critical question posed here is whether the

5    claimant can, in light of the impairment and his or her age, education and work

6    experience, adjust to another form of gainful employment?

7    If a claimant is found "disabled" or "not disabled" along any of these steps,

8    there is no need to complete the remaining inquiry.  20 C.F.R. §§ 404.1520(a)(4) &

9    416.920(a)(4); *Tackett*, 180 F.3d at 1098-99.

10   B.   Standard of Review on Appeal

11   This Court is empowered to review decisions by the Commissioner to deny

12   benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

13   Administration must be upheld if they are free of legal error and supported by

14   substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as*

15   *amended* Dec. 21, 2001).  If the court, however, determines that the ALJ's findings

16   are based on legal error or are not supported by substantial evidence in the record,

17   the court may reject the findings and set aside the decision to deny benefits.

18   *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*,

19   242 F.3d 1144, 1147 (9th Cir. 2001).

20   "Substantial evidence is more than a mere scintilla, but less than a

21   preponderance." *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

22   evidence which a reasonable person might accept as adequate to support a

23   conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d

24   at 459.  To determine whether substantial evidence supports the ALJ's finding, the

25   reviewing court must review the administrative record as a whole, "weighing both

26   the evidence that supports and the evidence that detracts from the ALJ's

27   conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

28   simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

6

1    at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

2    evidence can reasonably support either affirming or reversing the ALJ's decision,

3    the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.*

4    (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

5                                              **IV.**

6                                  **ISSUES PRESENTED**

7           Two disputed issues are presented for decision here:

8           1.     whether the ALJ failed to comply with the stipulated remand and

9    violated the law of the case and the rule of mandate doctrines, (*see* Joint Stip. at 7-

10   15, 18-19); and

11          2.     whether the ALJ erred in her evaluation of the psychiatric medical

12   evidence, including the opinions of Drs. Edelman and Dudley.  (*Id.* at 19-21, 24-25.)

13          Under the circumstances here, the Court finds the issue of the ALJ's failure to

14   comply with the stipulation for remand to be dispositive of this matter, and does not

15   reach the remaining issue.

16                                             **V.**

17                         **DISCUSSION AND ANALYSIS**

18          Plaintiff, on the one hand, contends that "[f]or the period prior to January 1,

19   2006, the stipulation for remand required further proceedings to allow the ALJ to

20   comply with the prior remand order of the district court requiring the ALJ to give

21   further consideration to the opinions of Dr. Edelman and Dr. Dudley.  At no time

22   was the issue of . . . [the] limitation of [Plaintiff] to sedentary work a contentious

23   issue by either party before the court or a subject of the court's order of remand."

24   (Joint Stip. at 11 (internal citation omitted).)  Plaintiff argues that the "ALJ has

25   simply violated the law of the case as well as the rule of mandate."  (*Id.* at 13

26   (footnote omitted).)

27          Defendant, on the other hand, maintains that "[n]either of [the prior] remands

28   directed a finding of a *physical* residual functional capacity for sedentary work

                                               7

1   beginning with Plaintiff's 2002 alleged onset date" and "[t]here needed to be a

2   ruling that the evidence was sufficient to support some finding in order to establish

3   any 'law of the case.'" (Joint Stip. at 16, 17 (emphasis in original and citation

4   omitted).) Further, Defendant counters that "the Agency's regulations provide that,

5   when a case is remanded from Federal District Court, 'any issues relating to the

6   claim may be considered by the administrative law judge whether or not they were

7   raised in the administrative proceedings leading to the final decision in the case."

8   (*Id.* at 17 (citing 20 C.F.R. § 416.1483) (brackets omitted).) Defendant contends

9   that the ALJ "may take any additional action that is not inconsistent with the

10   Appeals Council's remand order." (*Id.* (citing 20 C.F.R. § 416.1477).)

11          Defendant is mistaken.

12          A.      The Law of the Case Doctrine and the Rule of Mandate Doctrine

13          The United States Supreme Court has explained that when a district court

14   finds that the Commissioner

15                  has committed a legal or factual error in evaluating a particular

16                  claim, the district court's remand order will often include detailed

17                  instructions concerning the scope of the remand, the evidence to

18                  be adduced, and the legal or factual issues to be addressed. . . .

19                  Deviation from the court's remand order in the subsequent

20                  administrative proceedings is itself legal error, subject to reversal

21                  on further judicial review.

22   *Sullivan v. Hudson,* 490 U.S. 877, 885-886 (1989); *see Ischay v. Barnhart,* 383 F.

23   Supp. 2d 1199, 1213-1217, 1224 (C.D. Cal. 2005) (holding that under the law of the

24   case doctrine and the "broader" rule of mandate, the ALJ abused his discretion by

25   going beyond the step-five issue identified in the district court's remand order,

26   taking evidence on additional issues, "produc[ing] a third decision out of whole

27   cloth," and denying benefits on remand at step four when the remand order did not

28   authorize the ALJ "to disturb or revisit" his step-four determination); *see also Ruiz v.*

8

1   *Apfel*, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998) (remanding for further

2   administrative proceedings where the remand order "makes it very plain that the

3   remand was for a limited purpose," and there was "no basis for the ALJ to review

4   issues that had been determined in plaintiff's favor" and not appealed).

5       "The law of the case doctrine states that the decision of an appellate court on a

6   legal issue must be followed in all subsequent proceedings in the same case."[4/]

7   *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v.*

8   *County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations omitted)).

9   Further, the "doctrine does not require that any issue actually have been adjudicated;

10  rather, it applies to [the court's] explicit decisions as well as those issues decided by

11  necessary implication." *Ischay*, 383 F. Supp. 2d at 1217 (internal quotation marks,

12  citation and emphasis omitted).

13      The rule of mandate further prohibits a lower court, upon receiving the

14  mandate of a higher court, from "vary[ing] it or examin[ing] it for any other purpose

15  than execution"; however, "the lower court may consider and decide any matters left

16  ————————————————————

17  [4/]  As the Court observed in *Ischay*, "[n]o published opinion of the Ninth Circuit
    has applied the doctrine of the law of the case or the rule of mandate to preclude
18  ALJs from relitigating issues settled in district court orders."  383 F. Supp. 2d at
    1215.  However, other Circuit Courts "have held that the doctrine of the law of the
19  case and the rule of mandate apply to Social Security proceedings."  *Id.* at 1216 n. 7
    (discussing Fourth, Sixth, and Seventh Circuit decisions).
20
21      Further, other recent decisions issued in this district court have reached similar
    conclusions, *i.e.*, that ALJ actions on remand violated the law of the case and/or rule
22  of mandate doctrines.  *See, e.g., Almarez v. Astrue*, 2010 WL 3894646 (C.D. Cal.
    2010) (finding ALJ's modification of plaintiff's RFC and removing previously
23  imposed limitations exceeded scope of prior remand order); *Gallagher v. Astrue*,
24  2009 WL 57033 (C.D. Cal. 2009) (although remand was limited to step four and
    step five issues regarding plaintiff's past relevant work and alternate work, ALJ
25  made a redetermination of plaintiff's severe impairments at step two, reassessed
26  plaintiff's RFC at step four, and eliminated moderate limitations previously found);
    *Coto v. Astrue*, 2008 WL 4642965 (C.D. Cal. 2008) (ALJ conducted "an entirely
27  new RFC analysis" following a remand limited to two specific issues).
28

open by the mandate of the court." *Cote*, 51 F.3d at 181-182 (alterations and quotation marks omitted) (quoting *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 256 (1895)).

The Ninth Circuit has identified five circumstances in which the law of the case doctrine, and by analogy the rule of mandate doctrine, need not be applied:

(1) the first decision was clearly erroneous;

(2) an intervening change in the law has occurred;

(3) the evidence on remand is substantially different;

(4) other changed circumstances exist; or

(5) a manifest injustice would otherwise result.

*See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir.), *cert. denied,* 508 U.S. 951 (1993); *Coto v. Astrue,* 2008 WL 4642965 at *8 (C.D. Cal. 2008); *Ischay,* 383 F. Supp. 2d at 1219-20.

B.    The RFC Determinations and the Stipulation for Remand

Here, in the December 2003 Decision, the ALJ determined that Plaintiff retains the RFC "to perform no more than '*sedentary' work* (lifting and carrying up to 10 lbs.)[ and] . . . has mild non-exertional limitations in attention, concentration, understanding, memory, and following directions."  (AR at 551 (emphasis added).)

In the September 2006 Decision, approximately three years later, the ALJ again determined that Plaintiff retains the RFC "to perform no more than '*sedentary' work* (lifting and carrying up to 10 lbs.)[ and] . . . has mild non-exertional limitations in attention, concentration, understanding, memory, and following directions."  (AR at 535 (emphasis added).)

On September 18, 2007, the parties stipulated to a finding that Plaintiff was disabled as of January 1, 2006, and directed the ALJ to comply with the Court's July 6, 2005 Order with respect to the period prior to January 1, 2006.  (AR at 642-43.) Specifically, the stipulation for remand directed the ALJ to "comply with the prior remand orders by the District Court and Appeals Council.  The ALJ will give further

1   consideration to the opinions of Drs. Edelman and Dudley.  Given that Plaintiff has
2   non-exertional limitations, the ALJ will obtain vocational expert evidence to
3   determine whether she can perform her past relevant work or other work existing in
4   the national economy."  (*Id.* at 643.)

5       The Court's July 6, 2005 Order determined that the ALJ's "consideration of
6   the medical evidence is not supported by substantial evidence" and found that
7   "[r]emand is appropriate for the ALJ to further evaluate the opinions of Dr. Edelman
8   and Dr. Dudley and to make appropriate findings."  (AR at 563, 565.)  Dr. Edelman
9   and Dr. Dudley's opinions relate *only to Plaintiff's non-exertional mental
10  limitations*.  (*See id.* at 560-65.)

11      On October 26, 2007, following the stipulation for remand, the Appeals
12  Council issued an order remanding the action to a new ALJ.  (AR at 647.)  In
13  particular, the Appeal Council vacated "the final decision of the Commissioner" and
14  remanded "this case to an [ALJ] for further proceedings consistent with [the
15  stipulation for remand]."  (*Id.*)

16      In the most recent ALJ decision, however, the ALJ determined that Plaintiff
17  retains the RFC "to perform *medium work* . . . with occasional stooping, crouching
18  and kneeling."  (AR at 619 (emphasis omitted).)

19      C.      The ALJ Violated the Law of the Case and the Rule of Mandate

20      The ALJ committed legal error by deviating from the stipulation for remand.
21  At least two reasons govern this decision.

22      First, the RFC finding limiting Plaintiff to "sedentary work" addressed by the
23  first two ALJ opinions was the law of the case, and thus could not be altered by the
24  ALJ on remand.  The RFC findings relating to Plaintiff's physical limitations made
25  in the December 2003 Decision and the September 2006 Decision were not appealed
26  by the parties and, of course, not considered by the Court's July 6, 2005 Order.
27  Moreover, the September 18, 2007 stipulation for remand "necessarily assumed the
28  validity" of Plaintiff's limitation to "sedentary work," as it sought clarification only

1   on the evaluation of medical evidence regarding Plaintiff's *mental* limitations.  *Coto*,

2   2008 WL 4642965, at *5.

3      Second, the ALJ violated the rule of mandate by failing to adhere to the

4   confines of the stipulation for remand.  The stipulated remand did not authorize the

5   ALJ to reexamine Plaintiff's RFC with respect to her physical limitations.  (*See*

6   *generally* AR at 642-43; *see also id.* at 557-65.)  Instead, the stipulation for remand

7   provided only that remand was necessary for the ALJ to reconsider the opinions of

8   Drs. Edelman and Dudley and obtain additional evidence on one narrow issue  –

9   Plaintiff's *mental* impairment.  The remand explicitly directed the ALJ to "comply

10  with the prior remand orders by the District Court and Appeals Council."  (*Id.* at

11  643).

12     The Court's July 6, 2005 Order addressed the ALJ's improper evaluation of

13  the opinions of Drs. Edelman and Dudley.  (*See* AR at 557-65.)  Drs. Edelman and

14  Dudley only assessed Plaintiff's mental impairments.  (*Id.* at 195-99 (February 21,

15  2003 complete *psychiatric* evaluation conducted by Dr. Edelman), 213-03 (March 4,

16  2003 *mental* residual functional capacity assessment made by Dr. Dudley).)  The

17  accompanying order by the Appeals Council directed compliance with this Court's

18  order.  (*See id.* at 569 ("the Appeals Council vacates the final decision of the

19  Commissioner of Social Security and remands this case to an [ALJ] for further

20  proceedings consistent with the order of the court[]").)

21     But by limiting Plaintiff only to "medium work," as opposed to "sedentary

22  work," the ALJ expanded Plaintiff's physical RFC and failed to include limitations

23  that were included in the December 2003 Decision and the September 2006

24  Decision.  That is, the ALJ made a *new* RFC finding with respect to Plaintiff's

25  physical limitations and, notably, a finding that was less favorable to Plaintiff.

26  However, nowhere in the stipulation for remand did the parties contemplate further

27  consideration by the ALJ of Plaintiff's RFC with respect to this issue.  Nor did the

28  Appeals Council order vacating the prior decision and remanding the case "for

1   further proceedings consistent with the [stipulation for remand]" suggest that review

2   beyond the scope of the stipulation for remand was permitted or contemplated.  (AR

3   at 647; *see also id.* at 648-51); *see Ruiz*, 24 F. Supp. 2d at 1050.

4       Defendant argues that "there is no necessary implication that the previous

5   remands addressed Plaintiff's *physical* residual functional capacity" and "[t]here

6   needed to be a ruling that the evidence was sufficient to support some finding in

7   order to establish any law of the case."  (Joint Stip. at 17 (internal quotation marks

8   and citations omitted) (emphasis in original).)

9       Defendant's point is not well taken.  The law of the case doctrine "does not

10  require that any issue actually have been adjudicated; rather, it applies to this Court's

11  'explicit decisions as well *as those issues decided by necessary implication*.'"

12  *Ischay*, 383 F. Supp. 2d at 1217 (quoting *Cote*, 51 F.3d at 181) (emphasis in

13  original); *see Calderon v. Astrue*, 683 F. Supp. 2d 273, 276-77 (E.D.N.Y. 2010)

14  (irrelevant that, in the prior federal action, there had not been an explicit

15  determination regarding the validity of the prior step four findings because in Social

16  Security appeals, a district court is never called upon to address issues resolved in

17  the claimant's favor; the claimant obviously cannot challenge such determinations,

18  and the Commissioner cannot challenge them because they were made by him in the

19  first place; thus, "when a district court passes judgment on, for example, an ALJ's

20  step-five determination, it has implicitly affirmed the determinations at all prior

21  steps[]").

22      Defendant also maintains that "the Agency's regulations provide that, when a

23  case is remanded from Federal District Court, 'any issues *relating* to the claim may

24  be considered by the [ALJ] whether or not they were raised in the administrative

25  proceedings leading to the final decision in the case.'"  (Joint Stip. at 17 (citing 20

26  C.F.R. § 416.1483) (alterations omitted and emphasis added).)

27      However, the issue of Plaintiff's physical limitations is not "related" to

28  Plaintiff's mental limitations.  Plaintiff's claim related only to the ALJ's evaluation

1   of the opinions of Drs. Edelman and Dudley, both of whom made psychiatric or

2   mental assessments.

3        Moreover, Defendant notes that on "remand from the Appeals Council, an

4   ALJ . . . may take any additional action that is not inconsistent with the Appeals

5   Council's remand order." (Joint Stip. at 17 (citing 20 C.F.R. § 416.1477) (internal

6   quotation marks omitted).)

7        Here, the ALJ's actions are, in fact, inconsistent with the Appeals Council's

8   remand order. The stipulation for remand explicitly stated that the "ALJ will give

9   further consideration to the opinions of Drs. Edelman and Dudley. Given that

10  Plaintiff *has non-exertional limitations*, the ALJ will obtain vocational expert

11  evidence to determine whether she can perform her past relevant work or other work

12  existing in the national economy." (AR at 643 (emphasis added).) Accordingly, the

13  stipulation for remand contemplated only a reconsideration of non-exertional

14  limitations; the door on Plaintiff's physical limitations was closed. Thus, the ALJ's

15  decision to reexamine Plaintiff's physical RFC and later find, despite prior

16  decisions, that Plaintiff has a greater exertional capacity is irreconcilable with the

17  stipulation for remand and the Appeals Council's order.

18       Finally, Defendant does not contend, and the Court does not find, that any of

19  the exceptions to the law of the case doctrine and the rule of mandate doctrine

20  should be applied here. The ALJ's prior RFC assessment was not clearly erroneous.

21  There was no intervening change in the law. The medical evidence on remand was

22  the same. There are no other changed circumstances apparent to the Court that

23  would be relevant to the application of the law of the case and the rule of mandate

24  doctrines. No manifest injustice will result from the application of these doctrines

25  under the circumstances presented here.

26

27

28

# VI.

## REMAND IS APPROPRIATE

This Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

In this case, remand is appropriate to allow the ALJ to comply with the stipulation for remand, filed on September 18, 2007, and the Court's September 21, 2007 Order, (AR 642-43, 648-49), remanding this action for further proceedings.[5/] The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: November 2, 2010        _____

                                                    Hon. Jay C. Gandhi
                                            United States Magistrate Judge

---

[5/]   In light of the Court's remand instructions, it is unnecessary for the Court to address Plaintiff's remaining contention. (*See* Joint Stip. at 19-21, 24-25.)

15